UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER KUHL,

    Plaintiff,

v.                                                    Case No:  8:17-cv-394-T-33AEP

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Jennifer Kuhl filed a Complaint (Doc. 1) seeking review of the denial of disability benefits under the Social Security Act. Currently before the Court is Plaintiff's Affidavit of Indigency (Doc. 2), which the court construes as a motion for leave to proceed *in forma pauperis* ("Motion"). For the reasons that follow, the undersigned recommends that the Motion be denied and Plaintiff be given up to and including April 3, 2017, to pay the requisite filing fee.

Plaintiff fails to meet the requirements to proceed *in forma pauperis*. Under the *in forma pauperis* statute, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the right to file *in forma pauperis* in civil matters is not absolute; "it is a privilege extended to

those unable to pay filing fees . . . ." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam).[1] The Court's decision to grant *in forma pauperis* status is discretionary and should be granted only to those who are truly indigent. *Larkin v. Astrue*, No. 3:07-cv-01208-J-32TEM, 2008 WL 1744856, at *1 (M.D. Fla. April 11, 2008). In determining *in forma pauperis* eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted). Court also have consistently considered a plaintiff's spouse's income and joint assets when determining a plaintiff's motion to proceed *in forma pauperis*. *See, e.g.*, *Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying plaintiff's motion to proceed *in forma pauperis* because plaintiff's total monthly income, which was derived primarily from plaintiff's spouse's income, far exceeded plaintiff's joint monthly expenses).

In the instant case, although Plaintiff is not currently employed, Plaintiff's spouse is employed and has a monthly income of $5,000. Jointly, Plaintiff and her spouse own a home with an estimated value of $300,000 and a $240,000 mortgage balance. Plaintiff has one dependent and listed maximum total monthly expenses as $3,427.03[2]. However, Plaintiff's joint monthly income exceeds the monthly expenses by approximately $1,570. As such, Plaintiff has failed to demonstrate that her financial status rises to the level of indigency and that her

---

[1] The Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] This includes a monthly mortgage payment of $1,760, which presumably Plaintiff pays jointly with her spouse, credit card payments totaling $780 monthly, and $887.03 in monthly student loan payments, for which Plaintiff is seeking deferment.

access to courts would be blocked by her financial status. Thus, the Court finds that the Plaintiff does not qualify to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Accordingly, after due consideration and for the foregoing reasons, it is hereby RECOMMENDED that:

1. Plaintiff Jennifer Kuhl's Affidavit of Indigency (Doc. 2), which the court construes as a motion for leave to proceed *in forma pauperis*, be DENIED.

2. Plaintiff shall have up to and including April 3, 2017, to pay the requisite filing fee to the Clerk. If Plaintiff fails to pay the requisite filing fee to the Clerk within the allotted time, then this action should be dismissed.

IT IS SO REPORTED in Tampa, Florida, on this 6th day of March, 2017.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc:   Hon. Virginia M. Hernandez Covington
      Counsel of Record